<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IRONE WATFORD, | : | **Hon. Susan D. Wigenton** |
| Plaintiff, | : | Civil Action No. 11-0104 (SDW) |
| v. | : | |
| STATE OF NEW JERSEY, et al., | : | <u>O P I N I O N</u> |
| Defendants. | : | |

**APPEARANCES:**

    IRONE WATFORD, 405795B
    New Jersey State Prison
    P.O. Box 681
    Trenton, New Jersey  08625
    Petitioner <u>Pro</u> <u>Se</u>

<u>**WIGENTON, District Judge**</u>

Irone Watford, a prisoner confined at New Jersey State Prison, seeks to file a Complaint against the State of New Jersey, New Jersey Attorney General Paula Dow, and prison administrator Greg Bartkowski, asserting violation of his constitutional rights under 42 U.S.C. § 1983.  Based on his affidavit of indigence, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> as a prisoner.  <u>See</u> 28 U.S.C. § 1915(b).  This Court has screened the Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and, for the reasons explained below, will dismiss the Complaint with prejudice for failure to state a claim upon which relief may be granted.

## I.  BACKGROUND

On September 22, 1997, the Superior Court of New Jersey, Law Division, Hudson County, imposed an aggregate sentence of life imprisonment plus 80 years, with 60 years of parole ineligibility, after a jury convicted Watford of armed robbery, second-degree robbery, first-degree carjacking, first-degree kidnapping, first-degree aggravated sexual assault during a robber and/or a kidnapping, first-degree aggravated sexual assault while armed, second-degree sexual assault, fourth-degree criminal sexual contact, possession of a knife for an unlawful purpose, and unlawful possession of a knife.  See Watford v. Hendricks, Civil Action No. 04-1388 (SDW) opinion (D.N.J. April 27, 2007), certificate of appealability denied, C.A. No. 07-3203 (3d Cir.  Mar. 10, 2008).  On March 31, 2000, the Appellate Division of the Superior Court of New Jersey affirmed the conviction and sentence, and on July 7, 2000, the New Jersey Supreme Court denied Petitioner's petition for certification.  See State v. Watford, 165 N.J. 487 (2000) (table).  On October 19, 2000, Petitioner filed his first state petition for post-conviction relief, which the Law Division denied on January 17, 2002.  On June 16, 2003, the Appellate Division affirmed, and on October 29, 2003, the New Jersey Supreme Court again denied certification.  See State v. Watford, 178 N.J. 34 (2003) (table.)

On about March 24, 2004, Petitioner filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the 1997 conviction.  See Watford v. Hendricks, Civil Action No. 04-1388 (SDW) (D.N.J. docketed Mar. 24, 2004), certificate of appealability denied, C.A. No. 07-3203 (3d Cir.  Mar. 10, 2008).  After ordering an answer and reply, on April 27, 2007, this Court dismissed the petition on the merits and denied a certificate of appealability.

On March 10, 2008, the United States Court of Appeals for the Third Circuit dismissed the appeal for lack of jurisdiction and denied a certificate of appealability.  Id.

In January of 2011, Watford filed in this Court a "MOTION UNDER 28 U.S.C. 2241 TO CONSIDER SECOND OR SUCCESSIVE APPLICATION TO VACATE/CORRECT SENTENCE UNDER 28 U.S.C. 2254 OR 2255," together with a brief and appendix.  See Watford v. Bartkowski, Civ. No. 11-0319 (SDW) (D.N.J. docketed Jan. 14, 2011).  Petitioner challenged the 1997 conviction on three grounds.[1]  On July 14, 2011, this Court dismissed the Petition for lack of jurisdiction as a successive petition, and denied a certificate of appealability.  Watford filed a notice of appeal on July 29. 2011.

---

[1] The Petition raised the following grounds for relief from the judgment of conviction:

> Ground One:  PETITIONER'S FOURTEENTH AND SIXTH AMENDMENT RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION WAS VIOLATED BY THE TRIAL COURT'S IMPERMISSIBLE FINDING OF A "NEED TO PROTECT THE PUBLIC" WHICH IS A FACT OTHER THAN A PRIOR CONVICTION, AND SHOULD HAVE BEEN DETERMINED BY A JURY.
>
> Ground Two:  PETITIONER'S CONSTITUTIONAL RIGHTS TO A FAIR TRIAL WAS VIOLATED BY THE TRIAL COURT'S RELIANCE OF TWO OF THE THREE AGGRAVATING FACTORS IT FOUND APPLICABLE DURING SENTENCING SINCE THOSE SAME AGGRAVATING FACTORS ALSO FORMED THE BASIS UPON WHICH THE JUDGE DECIDED TO IMPOSE AN EXTENDED TERM SENTENCE.
>
> Ground Three:  THE SENTENCE IMPOSED CONSTITUTE[S] CRUEL AND UNUSUAL PUNISHMENT AND VIOLATES PETITIONER'S EIGHTH AMENDMENT RIGHTS.

Watford, Civ. No. 11-0319 (SDW) petition (D.N.J. docketed Jan. 14, 2011).

Watford executed the Complaint before this Court on December 27, 2010. Plaintiff contends that defendants are violating his rights under 42 U.S.C. § 1983 by "holding [him] in custody pursuant to a judgment of a State Court in violation of the United States Constitution." (Dkt. 1 at 4.)  He asserts the following facts:

> On September 22, 1997, in the Superior Court of New Jersey, Law Division, Hudson County, case No. 904-06-94.  Petitioner's Fourteenth and Sixth Amendment rights as guaranteed by the United States Constitution was violated when the judge based on his own findings determined a "need to protect the public" required imposing an extended term and based thereon, imposed a sentence of 25 years to life, on the basis of a fact other than a prior conviction, that should have been determined by a jury.  On Feb. 2, 2009, a pro se petition was filed in the trial court, seeking a second PCR for an unlawful sentence.  On Feb. 23, 2009 the petition was denied . . . .  [T]he appeal was denied May 5, 2009.  A petition for certification was filed May 21, 2010, with the New Jersey Supreme Court, and denied November 1, 2010.

(Dkt. 1 at 5.)

Plaintiff "ask[s] that this Court . . . consider second or successive application under 28 U.S.C. § 2254 or 2255 to vacate/correct illegal sentence."  (Dkt. 1 at 6.)

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or sues a government employee, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] which was previously applied to determine if a federal complaint stated a claim.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  Since Iqbal, the Third Circuit has required district courts to conduct a three-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> To determine the sufficiency of a complaint under the [Iqbal] pleading regime . . . , a court must take three steps:  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Iqbal, 129 S. Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 1950.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Id.

Santiago v. Warminster Tp., 629 F. 3d 121, 130 (3d Cir. 2010) (footnote omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

### III. DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects,

---

[2] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

> or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989). Liberally construing Plaintiff's allegations and accepting them as true, the Court reads Plaintiff's Complaint as challenging a sentence imposed by a judgment of a New Jersey court.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court held that a person may not obtain equitable relief under 42 U.S.C. § 1983 releasing him from confinement. See also Wolff v. McDonnell, 418 U.S. 539, 554 (1974). The Court ruled that when person in custody is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500. If an equitable remedy were available under § 1983 for a person challenging the fact or duration of his confinement pursuant to a state judgment, then that person could evade the requirements contained in the federal habeas statutes limiting a challenge to a state sentence, such as exhaustion of available state court remedies, one year statute of limitations, and severe restriction of second or successive petitions. See 28 U.S.C. §§ 2244, 2254(b)(1), (c). The Supreme Court explained in Preiser:

> In amending the habeas corpus laws in 1948, Congress clearly required exhaustion of adequate state remedies as a condition precedent to the invocation of federal judicial relief under those laws. It would wholly frustrate explicit congressional intent to hold that [inmates] could evade this requirement by the simple expedient of putting a different label on their pleadings. In short, Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.

Preiser, 411 U.S. at 489-90.

Watford's challenge to his New Jersey sentence is not cognizable under § 1983. See Preiser, supra. To the extent that he seeks to appeal to this Court from decisions in his state post-conviction relief proceedings, the Rooker-Feldman doctrine also bars his suit. See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Darby v. Geiger, 2011 WL 3606851 (3d Cir. Aug. 17, 2011). Because granting leave to amend would be futile, this Court will dismiss the Complaint with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim upon which relief may be granted.

### IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint with prejudice. The Court will enter an appropriate Order.

    s/Susan D. Wigenton
**SUSAN D. WIGENTON**
United States District Judge

DATED: September 9, 2011